the direction of one of the mosaicists who supervised production work in Italy and who came to this country with the imported merchandise, as required within the terms of the written contract, to complete the setting of the mosaic reproduction in Forest Lawn Memorial Park.

Although the provision for works of art in paragraph 1547(a) of the Tariff Act of 1930 has been given broad and liberal judicial interpretation, *Wm. S. Pitcairn Corp.* v. *United States*, 39 CCPA 15, C.A.D. 458, and "should not be limited to include only works of the free fine arts," *Abercrombie & Fitch Company* v. *United States*, 49 CCPA 129, C.A.D. 808, all decorative articles are not included therein. *United States* v. *Mrs. Adelaide Ehrich*, 22 CCPA 1, T.D. 47019. There must be sufficient evidence to show that the article in question is a work of art. In this respect, the record before us is deficient.

The testimony of plaintiffs' witness falls far short in establishing him as competent to judge whether an item is a work of art. As architectural supervisor, he worked under the direction of the general manager of the Forest Lawn Co. in acquiring the mosaic panel in question. His selection of the mosaicists that produced the imported merchandise was made through a process of eliminating other studios in various markets of Italy whose work was not satisfactory to the witness. There is no testimony by either of the mosaicists whose work is the subject of the present discussion to show that they are recognized or professional artists in their media.

On the basis of the present record and for all of the reasons hereinabove set forth, the protest is overruled, and judgment will be rendered accordingly.

Consideration has been given to all of the cases cited in the briefs filed by counsel for the respective parties. Reference herein has been made only to the cases considered necessary to support the conclusion.

**No. 68878.**—Polk's Model Craft Hobbies, Inc., et al. *v.* United States, protests 60/6066, etc. (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of miniature motors similar in all material respects to those the subject of Abstract 66961, the claim of the plaintiffs was sustained.

**No. 68879.**—Polk's Model Craft Hobbies, Inc. *v.* United States, protests 62/8643, 62/14548, and 63/1242 (San Francisco).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of miniature motors similar in all material respects to those the subject of Abstract 66961, the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, NOVEMBER 12, 1964

**No. 68880.**—Crown Curtis Co., Inc. *v.* United States, protest 64/6798 (New York).

309

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of steel bandsaws similar in all material respects to those the subject of *J. E. Bernard & Co., Inc.* v. *United States* (50 Cust. Ct. 41, C.D. 2386), the claim of the plaintiff was sustained.

No. 68881.—Sol Tool Co. *v.* United States, protest 64/10475 (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of steel bandsaws similar in all material respects to those the subject of *J. E. Bernard & Co., Inc.* v. *United States* (50 Cust. Ct. 41, C.D. 2386), the claim of the plaintiff was sustained.

No. 68882.—Baldwin Hardware Mfg. Co. et al. *v.* United States, protests 61/12204, etc. (Philadelphia).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of brass articles similar in all material respects to those the subject of *Zanin & Son, Inc.* v. *United States* (50 Cust. Ct. 37, C.D. 2385), and Abstract 67834, the claim of the plaintiffs was sustained.

No. 68883.—Hancock Gross Mfg. Co. et al. *v.* United States, protests 63/5988, etc. (Philadelphia).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of brass aerators similar in all material respects to those the subject of Abstract 65882, the claim of the plaintiffs was sustained.